Richardson, Adm'x *vs.* Billingslea, Ex'r.

(Decided 23d November, 1888.)

---

MARY A. RICHARDSON, Administratrix of JOHN RICHARDSON, and MARTHA C. RICHARDSON, Administratrix of WM. J. RICHARDSON *vs.* CHARLTON W. BILLINGSLEA, Executor of RICHARD GREEN.

*Executors and Administrators—Opening of Accounts—Lapse of Time and Laches.*

What will amount to laches must depend upon the circumstances of each case.

An executor passed two accounts in the Orphans' Court in 1863, one in 1875, and one of small importance in 1879. In 1887 a petition was filed by the administrators of two legatees to have these accounts opened and restated. The legatees were of full age when the accounts were passed, or at least, at the date of the passage of the third and most important account. One of them lived until 1882 and the other until 1887, and neither of them ever made any complaint or took any steps to have these accounts corrected. HELD:

That the defence of lapse of time and laches, taken by the executor must be sustained.

APPEAL from the Orphans' Court of Harford County.

The appeal is taken from an order dismissing the petition of the appellants. The case is stated in the opinion of the Court.

Richardson, Adm'x *vs.* Billingslea, Ex'r.

The cause was argued for the appellants before ALVEY, C. J., STONE, MILLER, BRYAN, and MCSHERRY, J., and submitted on brief for the appellee.

*Wm. H. Harlan,* for the appellants.

*Henry D. Farnandis,* for the appellee.

MILLER, J., delivered the opinion of the Court.

In our opinion the defence of lapse of time and *laches.* taken by the executor in this case, must be sustained upon the authority of *Yearley, Ex'r vs. Cockey, Adm'r,* 68 *Md.,* 174.

The testator, Richard Green, died in 1861, leaving a will by which he gave all his property to six legatees in equal shares. The appellee was one of two executors named in the will, and became sole executor, the other having relinquished the trust. The estate was largely in debt, and about portions of it there was serious and protracted litigation, involving in one instance an appeal to this Court. He passed four accounts in the Orphans' Court, the first in March, 1863, the second in July, 1863, the third in May, 1875, and the fourth in May, 1879, and these the appellants seek to have opened and restated. Their petition for this purpose was not filed until August, 1887. It is filed by the administrators of John Richardson and William J. Richardson, two deceased legatees who died intestate. It was admitted at bar that these intestates were of full age when the accounts were passed, or at least at the date of the passage of the *third* account. They lived after that, the one until 1882, and the other until 1887, and neither of them during his life ever made any complaint, or took any steps to have these accounts corrected, nor, so far as appears, did any of the other legatees.

Richardson, Adm'x *vs.* Billingslea, Ex'r.

The *third* account is the one of most importance because it shows upon *its face* that the balance in the hands of the executor amounting to $42,999.73 had been *distributed* and that *releases* by the distributees *had been executed.* The fourth, and, as it is termed, the *final* account, simply deals with the sum of $1,550 which had come to the hands of the executor since the passage of the third account, and disposes of this balance after allowance of commissions and costs, in *part* payment of the claims of the executor's counsel for professional services.

The petition alleges that these accounts were inadvertently passed by the Orphans' Court, and that their passage was procured by the executor without any notice to the parties interested in the estate, with intent to *defraud* the legatees under the will. These averments, as well as all others imputing misconduct to him, are emphatically denied by the executor in his answer. There is no proof that they were passed inadvertently or without notice to parties interested, even if such notice was, (as it clearly was not) a necessary preliminary to the Court's action thereon. As to the allegation of fraud, the case differs from that of *Yearley vs. Cockey*, but we find nothing in the record in the shape of proof to sustain that allegation. Where fraud is charged, the *onus* of proof is always on the party making the allegation, and it must be supported by clear and satisfactory proof.

There are items in the account which are alleged to have been placed there, on the one side as credits to the estate, and on the other as disbursements, merely for the purpose of enhancing the commissions to be allowed the executor; and it is said that extravagant counsel fees for professional services have been allowed. If these objections had been made within a reasonable time, they might have been considered, and have war-

'Richardson, Adm'x *vs.* Billingslea, Ex'r.

ranted a restatement of the accounts in these particulars. As to the item of $2,000, cash payment, due on the sale of certain land, as reported by the executor, and with which he failed to charge himself, we think he has given a reasonable explanation in his answer. At least, it is clearly an explanation which relieves him from all imputation of fraud. With regard to this, as well as all other alleged omissions, errors, and overcharges set out in the petition, it is but fair to him to say that in his sworn answer he avers that the legatees, including the intestates of the petitioners, had full knowledge of his several accounts, and of all that he had done in the settlement of the estate, and with such knowledge they executed to him as executor, full, formal, and final releases.

What will amount to *laches* must depend upon the circumstances of each case; and this we think is one which is covered by the decision in *Yearley vs. Cockey.* The facts of that case bearing upon the questions of lapse of time, *laches,* and acquiescence are quite similar to those in the present case, and having been so recently decided, we need not repeat what was there said, or refer to other authorities in support of our conclusion in this.

*Order affirmed.*

(Decided 23d November, 1888.)